### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| **MARY ANN NOCE,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Cause No.** |
| | ) | |
| **CITY OF WEBSTER GROVES,** | ) | **JURY TRIAL DEMANDED** |
| **POLICE OFFICER DON BERRY,** | ) | |
| **CHIEF OF POLICE DALE E. CURTIS,** | ) | |
| **and POLICE OFFICER DEANNA** | ) | |
| **L. KEPPEL, all in their individual** | ) | |
| **and official capacities,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

**COMES NOW** plaintiff, MARY ANN NOCE, by and through her attorneys, Law & Schriener, LLC, and for her cause of action against the above-captioned defendants hereby states as follows:

## JURISDICTION

1.     This action is brought pursuant to 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments of the United States Constitution, and the laws of the State of Missouri.

2.     Court has jurisdiction of the matter pursuant to 28 U.S.C. § 1331, 28 U.S.C. §1343(a)(3), (4), and 28 U.S.C. § 1367.  Jurisdiction supporting plaintiff's claims for

attorney fees and costs is conferred by 42 U.S.C. § 1988.

## VENUE

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391, in that all defendants are residents of this district and all the acts or omissions which give rise to this cause of action occurred in the Eastern District of Missouri.

## PARTIES

4.      At all relevant times hereto, plaintiff Mary Ann Noce ("Noce") is an individual and at all times resided at 1101 Drayton Avenue in Webster Groves, Missouri.

5.      The defendant City of Webster Groves (hereafter Webster Groves) is a municipality located in St. Louis County, Missouri, duly organized and existing in accordance with Missouri statutes, and as such operates a police department commonly known as the Webster Groves Police Department.  In this cause, Webster Groves acted through its agents, employees, and servants, who was or were the policymakers for the Webster Groves Police Department and for the conduct of the chief of police and police officers employed by the Police Department, and through defendants Don Berry, Dale E. Curtis, and Deanna Keppler.

6.      Officer Don Berry is a citizen of the United States in the State of Missouri, and was, at all relevant times mentioned in this complaint, employed by defendant Webster Groves as a police officer.

7.      Defendant Chief of Police Dale E. Curtis is a citizen of the United States in

the State of Missouri, and was, at all relevant times mentioned in this complaint, employed by defendant Webster Groves as chief of police.

8. Officer Deanna Keppel is a citizen of the United States in the State of Missouri, and was, at all relevant times mentioned in this complaint, employed by defendant Webster Groves as a police officer.

9. Plaintiff sues defendants Berry, Curtis, and Keppel each and all in their individual and official capacities.

10. At all time referred herein, defendants Berry, Curtis, and Keppler acted under color of laws, statutes, ordinances, regulations, policies, customs and usages of the State of Missouri, the County of St. Louis, the City of Webster Groves, and the Webster Groves's Police Department pursuant to their authority as chief of police and police officers of said department and city.

## FACTS COMMON TO ALL COUNTS

11. On December 17, 2008 plaintiff Mary Ann Noce lived at 1101 Drayton Avenue in the City of Webster Groves, Missouri with her children Anthony Noce (age 24), Joseph Noce (age 18), MRN (age 14), MVN (age 12), and JDN (age 10).

12. Plaintiff Noce was, at all times herein, 5'5" tall and weighed 125 pounds.

13. The temperature on December 17, 2008 was below freezing and there was precipitation throughout the day of December 16, 2008, and into the evening of December 17, 2008.

-3-

14.     On December 17, 2008 at approximately between 1:15 and 1:30 a.m., plaintiff Noce was driving her 2006 Toyota Corolla south on South Old Orchard Avenue in Webster Groves, Missouri when she hit an icy patch in the road while entering a curve and lost control of her vehicle.  The car left the roadway and struck a sign coming to rest directly in front of 47 South Old Orchard Avenue in Webster Groves, Missouri.

15.     Plaintiff Noce called AAA for assistance but was informed that it would be almost an hour before a truck would arrive.

16.     Because she was not dressed for the inclement weather, plaintiff Noce called her friend Jennifer Gage to pick her up and take her home so that she could get her son to assist her with the car.

17.     Plaintiff Noce's house was located approximately five minutes from the accident scene at 1101 Drayton, Webster Groves.

18.     Once home, plaintiff Noce woke her son, Anthony Noce, and explained to him that her car needed to be towed and where it was located.

19.     Jennifer Gage drove Anthony Noce to the location of plaintiff Noce's car on South Old Orchard.

20.     After being dropped off at plaintiff Noce's vehicle, Anthony Noce called AAA and then the Webster Groves Police Department at approximately 2:39 a.m. to report the accident.

-4-

21.     At approximately 2:43 a.m., defendants Berry and Keppel, and other police officers, while on duty as police officers in the employ of the City of Webster Groves as aforedescribed, were called and separately responded to the location of plaintiff Noce's car.

22.     On information and belief defendant Berry is 6'4" tall and 230 pounds.

23.     The defendant officers approached Anthony Noce and addressed him. Although he initially told the defendant police officers that he had been driving the car, he informed them that it was his mother's car and she had asked him to get it towed.  In response, defendant Berry inquired as to whether plaintiff Mary Ann Noce was at home and where they lived.  Anthony Noce answered in the affirmative and gave defendant Berry their address.

24.      Thereafter, without probable cause or adequate justification, defendant Berry handcuffed Anthony Noce and placed him in the rear of his vehicle, and drove him to 1101 Drayton.

25.     Upon arriving at 1101 Drayton, defendant Berry removed Anthony Noce handcuffed from the squad car and demanded his house keys.  Anthony Noce replied that the keys were in his pocket.  Officer Berry, without consent, took the keys from Anthony Noce's pocket.

26.     Defendant Berry entered 1101 Drayton without either consent from its occupants or an arrest or search warrant, and without any other justifiable reason to allow

such a warrantless intrusion.

27.   Defendant Berry asked the handcuffed Anthony Noce where his mother was and he replied that he would get her for him.  After defendant Berry continued asking where plaintiff Noce was and not allowing Anthony Noce to get her, Anthony Noce replied that she is probably in her bedroom.  Defendant Berry asked the location of plaintiff Noce's bedroom and Anthony Noce complied.  Defendant Berry entered plaintiff Noce's bedroom without consent, shined a flashlight in her eyes, and ordered her out of bed.

28.   Plaintiff Noce's other children were at home and sleeping when defendant Berry entered the residence.

29.   On December 17, 2008, plaintiff Noce suffered from fibromyalgia which is characterized by, among other things, a heightened and painful response to pressure.

30.   As a result of defendant Berry shining a light into her eyes and yelling at her, plaintiff Noce, who was naked in her bed, woke up.

31.   Because she was naked, plaintiff Noce asked defendant Berry that she be allowed to go into her bathroom and put on a robe and clothes.  Defendant Berry allowed plaintiff Noce to go to the bathroom and then began counting to five.  Within that time, plaintiff Noce was able to put on a robe.

32.     Immediately after she came out of the bathroom, defendant Berry, without cause, provocation, or warning, grabbed plaintiff Noce by her arm, twisting it, and shoved her out of the bedroom clothed only in a robe.

33.     Thereafter, without cause, provocation, or warning defendant Berry pushed plaintiff Noce to the floor and she collided with a wooden television tray and a chair.  While plaintiff Noce was on the floor, defendant Berry handcuffed her and placed her under arrest.

34.     At the time of plaintiff Noce's arrest, it had been over two hours since the accident occurred.

35.     During defendant Berry's seizure of plaintiff Noce, she pleaded with defendant Berry six or seven times to stop hurting her.  Defendant Berry kept stating to plaintiff  Noce that she had been in accident.

36.     Thereafter, without cause, provocation, or warning defendant Berry pulled plaintiff Noce by the handcuffs to a standing position hurting her wrists and arms and began pushing her toward the front door of her residence.

37.     While plaintiff Noce was being pushed to the door, her robe was untied and she was effectively naked.  During this time, she also pleaded with defendant Berry to be allowed to use the bathroom as she had to urinate.

38.     Defendant Keppel had arrived at 1101 Drayton and was standing at the front door while defendant Berry was pushing plaintiff Noce out of the house.

39.   Defendant Keppel tied plaintiff Noce's robe closed and retrieved a pair of sandals for her to wear and a pair of pajamas, but took no other action to assist plaintiff Noce.

40.   Defendant Berry ordered defendant Keppel to place plaintiff Noce in the patrol car and take her to the police station while he dealt with Anthony Noce.

41.   Defendant Keppel placed plaintiff Noce in her patrol car and conveyed plaintiff Noce to the Webster Groves Police Department booking area, where she consented to take a Standardized Field Sobriety test administered by defendant Keppel. After the test, defendant Keppel read plaintiff Noce her *Miranda* warnings and plaintiff Noce submitted to a chemical test of her breath.

42.   While in custody, plaintiff Noce complained of an injury to her wrist and requested ice to apply to it.  Defendant Keppel stated her wrist was not broken and that there was no ice.  At no time did defendant Keppel seek or obtain medical assistance for plaintiff Noce.

43.   Thereafter, defendant Berry issued plaintiff Noce two summons for municipal ordinance violations - for leaving the scene of an accident (Citation No. 071694254) and driving while intoxicated (Citation No. 071694253).  In addition, defendant Berry served plaintiff Noce with a Notice of Suspension/Revocation of Your Driving Privilege (Form 2385).

44.     Plaintiff Noce was released from custody at approximately 4:45 a.m. Defendant Keppel drove plaintiff Noce to her home dropping her off at approximately 5:00 a.m.

45.     Because of injuries suffered as the result of defendant Berry's actions as set out above in paragraph 23 above, plaintiff Noce sought medical treatment for both her arms and right wrist which were swollen and bruised.  Plaintiff Noce's right wrist was wrapped and her arm was placed in a sling.   Due to her injury plaintiff missed approximately 3 days of work before the holidays.

46.     Because of her encounter with defendant Berry, plaintiff became fearful to drive her car believing that she may encounter defendant Berry while he was on patrol. She also avoided driving by the Webster Groves Police Department and feared police officers.

47.     On January 10, 2009, plaintiff's son, Scott, passed away.  As a result of her encounter with defendant Berry, plaintiff Noce was too frightened to hold her deceased son's funeral at the Gerber Chapel located across from the police station in Webster Groves but instead held it at the Kutis Funeral Home in Afton, Missouri.

48.     Plaintiff Noce requested an administrative alcohol hearing to contest the Notice of Suspension/Revocation of Your Driving Privilege.  On February 20, 2009, plaintiff Noce received an administrative hearing (Docket No. STLO0003).

49.     On February 25, 2009, the Missouri Department of Revenue issued its

Findings and Order (Rescind) which rescinded the Notice of Suspension/Revocation.

The Department found that:

        a.     The evidence was insufficient to find that the petitioner was

            arrested/stopped upon probable cause to believe that an alcohol-

            related traffic offense had been committed.

        b.     The evidence was insufficient to find that the concentration of

            alcohol in Petitioner's blood was at or above the limit required by

            Section 302.505, RSMo, or if under age twenty-one, was 0.2% or

            more by weight, at the time of the alleged offense.

        c.     Objection to breath test sustained, no proof of operation - no

            probable cause to arrest.

50.     On or about March 13, 2009, the Municipal Court of Webster Groves

dismissed Citation Nos. 071694253 (leaving the scene of an accident) and 071694254

(driving while intoxicated) filed against plaintiff Noce.

-10-

# FEDERAL CLAIMS

## COUNT I

EXCESSIVE USE OF FORCE BY DEFENDANT BERRY
COGNIZABLE UNDER 42 U.S.C. § 1983
IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS

For her cause of action against defendant Berry in Count I, plaintiff Mary Ann

Noce states:

51.     By this reference, plaintiff Noce incorporates each and every allegation and

averment set forth in paragraphs 1 through 50 of this complaint as though fully set forth

herein.

52.     Defendant Berry, without provocation or just cause, or warning, assaulted

and battered plaintiff Noce by forcibly removing her from her home.

53.     At no time did plaintiff Noce attempt to resist arrest by defendant Berry or

offer violence to or threaten him.  Plaintiff committed no felony, nor has she been

charged with the commission of any felony.

54.     As a direct and proximate result of the aforedescribed unlawful and

malicious physical abuse of plaintiff Noce by defendant Berry, committed under color of

state law and under his individual authority as a City of Webster Groves police officer,

plaintiff Noce suffered greivous bodily harm and was derived of her right to be secure in

her person, against unreasonable seizure of her person and the use of excessive force, in

violation the Fourth and Fourteenth Amendments of the Constitution of the United States

-11-

and 42 U.S.C. § 1983.

55.     As a direct and proximate result of the malicious and outrageous conduct of defendant Berry as aforedescribed, plaintiff Noce suffered severe and permanent injuries and damages, including blunt trauma and blunt trauma injuries including severe bruises, contusions and abrasions to her wrist, arms and knees, causing plaintiff Noce great pain, anguish, fear, and consternation.  Additionally, plaintiff has suffered special damages in the form of medical expenses, and missed work and lost wages, and will suffer additional special damages in the future in amounts which have not yet been determined.

56.     The acts of defendant Berry as aforedescribed were intentional, wanton, malicious  and oppressive, thus entitling plaintiff Noce to an award of punitive damages against defendant Berry in his individual capacity.

57.     If plaintiff Noce prevails, she is entitled to an award of attorney's fees and costs pursuant to 42 U.S.C. § 1988.

**WHEREFORE,** plaintiff Mary Ann Noce requests that this Court enter judgment against defendant Berry and award such damages to which she is entitled, including but not limited to attorney fees and costs associated with this action, including expert witness fees, punitive damages, and be awarded any further relief deemed necessary and just.

## COUNT II

FALSE ARREST AND IMPRISONMENT
BY DEFENDANT BERRY COGNIZABLE UNDER 42 U.S.C. § 1983
IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS

For her cause of action against defendant Berry in Count II, plaintiff Mary Ann Noce states:

58.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 57 of this complaint as though fully set forth herein.

59.     At the time of defendant Berry's arrest of plaintiff Noce:

a.      Plaintiff Noce was committing no crime whatsoever,

b.      Defendant Berry had no probable cause whatsoever to believe plaintiff Noce was committing a crime.

60.     There was no probable cause for defendant Berry's arrest of plaintiff Noce.

61.     Defendant Berry had no warrant or other justifiable reason to enter plaintiff Noce's house to effectuate her unlawful arrest nor was there any legal exception to the warrant requirement.

62.     The conduct of defendant Berry, acting individually and together with others, resulted in plaintiff Noce being falsely, maliciously and unlawfully arrested and detained and plaintiff Noce was deprived of her rights as secured by the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983.

-13-

63.     The acts of defendant Berry as aforedescribed were intentional, wanton, malicious  and oppressive, thus entitling plaintiff Noce to an award of punitive damages against defendant Berry in his individual capacity.

64.     If plaintiff Noce prevails, she is entitled to an award of attorney's fees and costs pursuant to 42 U.S.C. § 1988.

**WHEREFORE,** plaintiff Mary Ann Noce requests that this Court enter judgment against defendant Berry and award such damages to which she is entitled, including but not limited to attorney fees and costs associated with this action, including expert witness fees, punitive damages, and that she be awarded any further relief deemed necessary and just.

## COUNT III

INITIATION AND PURSUIT OF PROSECUTION WITHOUT PROBABLE CAUSE
BY DEFENDANTS BERRY AND KEPPEL
COGNIZABLE UNDER 42 U.S.C. § 1983
IN VIOLATION OF THE FOURTH AND FOURTEETH AMENDMENTS

For her cause of action against defendants Berry and Keppel in Count III, plaintiff Noce states:

65.     By this reference, plaintiff Noce incorporates each and every allegation and averment set forth in paragraphs 1 through 64 of this complaint as though fully set forth herein.

66.     Defendant Berry and Keppel, acting individually or together and in concert, caused the criminal charges of driving while intoxicated and leaving the scene of an

-14-

accident to issue against plaintiff Noce and assisted in the prosecution of said charges.

67.     Defendant Berry and Keppel and each of them were motivated in the pursuit of criminal charges against plaintiff Noce not by a belief that the charges had any factual or legal merit or that probable cause for their issuance existed, but for improper, illegal, and unconstitutional purposes, to wit:

a.      Defendants sought to protect themselves from civil and/or criminal liability for the unlawful treatment of plaintiff and defendant Berry's use of excessive force against plaintiff as aforedescribed, by charging plaintiff with crimes which, if proven would arguably have demonstrated the justification for the force used against and treatment of plaintiff;

b.      Defendants sought to punish plaintiff for exercising legally and constitutionally protected rights.

68.     The conduct of defendants Berry and Keppel as aforedescribed violated plaintiff right to be free of unreasonable and unlawful seizure, secured by the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

69.     The acts of defendant Berry and Keppel as aforedescribed were intentional, wanton, malicious and oppressive, thus entitling plaintiff Noce to an award of punitive damages against defendant Berry in his individual capacity.

70.     If plaintiff Noce prevails, she is entitled to an award of attorney's fees and costs pursuant to 42 U.S.C. § 1988.

**WHEREFORE,** plaintiff Mary Ann Noce requests that this Court enter judgment against defendant Berry and award such damages to which she is entitled, including but not limited to attorney fees and costs associated with this action, including expert witness fees, punitive damages, and be awarded any further relief deemed necessary and just.

## COUNT IV

FAILURE TO INTERCEDE ON PLAINTIFF'S BEHALF
AND PREVENT THE VIOLATION OF HER CONSTITUTIONAL RIGHTS
BY DEFENDANT KEPPLER
COGNIZABLE UNDER 42 U.S.C. § 1983
IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS

For her cause of action against defendant Keppler in Count IV, plaintiff Noce states:

71.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 70 of this complaint as though fully set forth herein.

72.     While defendant Berry forcibly pushed plaintiff from her bedroom clothed only in a robe into the below-freezing night air, defendant Keppel took no action to intercede on plaintiff Noce's behalf.

73.     Plaintiff offered no resistance to her arrest nor threatened the police officers who arrested her in any way.

74.     Defendant Keppel had both a duty and opportunity to intercede on behalf of plaintiff Noce and prevent defendant Berry from subjecting plaintiff Noce to the use of

-16-

excessive force and an unlawful and unreasonable seizure of her person in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983.

75.     As a direct and proximate result of defendant Keppel's deliberate and intentional failure to intercede on behalf of plaintiff Noce and prevent the violation of her constitutional rights as aforedescribed, committed under color of state law and under her authority as City of Webster Groves police officer, plaintiff suffered grievous bodily harm and mental anguish and was deprived of her right to be secure in her person, against unreasonable seizure of her person and excessive use of force, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983.

76.     As a direct and proximate result of the malicious and outrageous conduct of defendant Keppel as aforedescribed, plaintiff Noce suffered severe and permanent injuries and damages, including blunt trauma and blunt trauma injuries inlcuding severe bruises, contusions and abrasions to her wrist, arms, and knees causing plaintiff Noce great pain, anguish, fear, and consternation.  Additionally, plaintiff has suffered special damages in the form of medical expenses, was caused to miss work, and will suffer additional special damages in the future in amounts which have not yet been determined.

77.     The acts of defendant Keppel as aforedescribed were intentional, wanton, malicious and oppressive, thus entitling plaintiff Noce to an award of punitive damages

against defendant Keppel in her individual capacity.

78.     If plaintiff Noce prevails, she is entitled to an award of attorney's fees and costs pursuant to 42 U.S.C. § 1988.

**WHEREFORE,** plaintiff Mary Ann Noce requests that this Court enter judgment against defendant Keppel and award such damages to which he is entitled, including but not limited to attorney fees and costs associated with this action, including expert witness fees, punitive damages, and be awarded any further relief deemed necessary and just.

## COUNT V

DENIAL OF IMMEDIATE MEDICAL ATTENTION
BY DEFENDANT KEPPEL
COGNIZABLE UNDER 42 U.S.C. § 1983
IN VIOLATION OF THE FOURTEENTH AMENDMENT

For her cause of action against defendant Keppel in Count V, plaintiff Noce states:

79.     By this reference, plaintiff Noce incorporates each and every allegation and averment set forth in paragraphs 1 through 78 of this complaint as though fully set forth herein.

80.     After plaintiff Noce was taken to the Webster Groves Police Department, she complained to defendant Keppel that her wrist had been injured during her arrest by defendant Berry and that she was suffering pain because of the injury.

81.     Plaintiff Noce asked defendant Keppel if she could have some ice to apply to her wrist as treatment for the pain.

82.     Defendant Keppel refused to provide plaintiff Noce with any medical care

-18-

and informed her that her wrist was not broken and that she had no ice.

83.    Plaintiff Noce was in custody at the Webster Groves Police Department for approximately two hours before her release.

84.    After her release from custody, plaintiff Noce sought medical care for her injuries the same day at St. Anthony's Hospital.

85.    As a direct and proximate result of the aforedescribed unlawful and deliberately indifferent actions of defendant Keppel, committed under color of law and under the authority as a City of Webster Groves police officer, plaintiff Noce suffered grievous bodily harm and was deprived of her right to be free from punishment and to due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution.

86.    The acts of defendant Keppel as aforedescribed were intentional, wanton, malicious and oppressive, thus entitling plaintiff Noce to an award of punitive damages against defendant Keppel in her individual capacity.

87.    If plaintiff Noce prevails, she is entitled to an award of attorney's fees and costs pursuant to 42 U.S.C. § 1988.

**WHEREFORE,** plaintiff Mary Ann Noce requests that this Court enter judgment against defendant Keppel and award such damages to which she is entitled, including but not limited to attorney fees and costs associated with this action, including expert witness fees, punitive damages, and be awarded any further relief deemed necessary and just.

## **COUNT VI**

SUPERVISORY LIABILITY OF DEFENDANT CHIEF OF POLICE DALE E. CURTIS
COGNIZABLE UNDER 42 U.S.C. § 1983
IN VIOLATION OF THE FOURTH AND FOURTEETH AMENDMENTS

For her cause of action against defendant Chief of Police in Count V, plaintiff

Noce states:

88.     By this reference, plaintiff incorporates each and every allegation and

averment set forth in paragraphs 1 through 87 of this complaint as though fully set forth

herein.

89.     Defendant Curtis served as Chief of Police for the City of Webster Groves,

during all times set forth in this complaint.

90.     Defendant Curtis was the commanding law enforcement officer of

defendants Berry and Keppel, and law enforcement officers of the Webster Groves Police

Department.  As chief of police, defendant Curtis was responsible for the training,

instruction, and supervision, discipline, and control of defendants Berry and Keppel and

law enforcement officers of the Webster Groves Police Department.

91.     Upon information and belief, defendant Curtis as chief was deliberately

indifferent to the risk that defendants Berry and Keppler posed to the plaintiff Noce and

knew or in the exercise of due diligence would have known that the conduct of

defendants Berry and Keppel as displayed toward plaintiff Noce in the incident, was

likely to occur.

92.     Upon information and belief, defendant Curtis failed to take any preventative or remedial measures to guard against the conduct of defendants Berry and Keppel, and had defendant Curtis taken such measures, plaintiff Noce would not have suffered the deprivation of her rights more fully set forth herein.  Upon information and belief, the failure of defendant Curtis amounted to gross negligence, deliberate indifference, or deliberate misconduct which directly cause the deprivations suffered by plaintiff.  Upon information and belief, defendant Curtis failed to train, instruct, supervise, and discipline defendants Berry and Keppler, and other officers of the Webster Groves Police Department, and said failure caused plaintiff Noce's damages.

93.     Upon information and belief, as a direct and proximate result of the aforedescribed unlawful and malicious acts of defendant Curtis committed under color of state law and under his authority as Webster Groves Police Chief, plaintiff Noce was deprived of her right to be secure in her person, against unlawful and unreasonable seizure of her person, in violation of the Fourth and  Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983.

**WHEREFORE,** plaintiff Mary Ann Noce requests that this Court enter judgment against defendant Curtis and award such damages to which she is entitled, including but not limited to attorney fees and costs associated with this action, including expert witness fees, punitive damages, and be awarded any further relief deemed necessary and just.

## COUNT VII

FAILURE TO INSTRUCT, SUPERVISE, CONTROL, AND DISCIPLINE
DIRECTED AGAINST THE CITY OF WEBSTER GROVES
COGNIZABLE UNDER 42 U.S.C. § 1983
IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS

For her cause of action against defendant City of Webster Groves in Count VII,

Noce plaintiff states:

94.     By this reference, plaintiff Noce incorporates each and every allegation and

averment set forth in paragraphs 1 through 93 of this complaint as though fully set forth

herein.

95.     At all times relevant to this complaint, defendants Curtis, Berry, and Keppel

as law enforcement officers of the City of Webster Groves Police Department, were

acting under the direction and control of the City of Webster Groves, which acted through

its agents and employees who were responsible for making policy of the Police

Department, its officers and operations, and defendants Curtis, Berry, and Keppel were

acting pursuant to either official policy or the practice, custom, and usage of the City of

Webster Groves and its Police Department.

96.     Acting under color of state law, by and through the policy-makers the City

of Webster Groves and pursuant to official policy or custom and practice, upon

information and belief the City of Webster Groves intentionally, knowingly, recklessly, or

with deliberate indifference to the rights of the inhabitants of the City of Webster Groves

failed to instruct, supervise, control, and/or discipline, on a continuing basis, defendants

Curtis, Berry, and Keppel in the performance of their duties to refrain from:

    a)    unlawfully and maliciously assaulting a citizen and using excessive force before, during, or after the making of an arrest, whether the arrest was lawful or unlawful;

    b)    unlawfully entering a citizen's home without a warrant or justification for making a warrantless seizure;

    c)    fabricating ordinance violations against a citizen for the purpose of shielding themselves from criminal or civil liability for violating a citizen's civil rights;

    d)    punishing a pretrial detainee without due process; and

    e)    otherwise depriving citizens of their constitutional and statutory rights, privileges, and immunities.

97.    Upon information and belief, the City of Webster Groves had knowledge of or, had it diligently exercised its duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs that were done, as heretofore alleged, or other unlawful or constitutional acts were going to be committed. Defendant City of Webster Groves had power to prevent or aid in preventing the commission of said wrongs, could have done so, and intentionally, knowingly, or with deliberate indifference to the rights of the inhabitants of the City of Webster Groves failed or refused to do so.

98. Upon information and belief, defendant Webster Groves, directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of defendants Curtis, Berry, and Keppel, heretofore described.

**WHEREFORE,** plaintiff Mary Ann Noce requests that this Court enter judgment against defendant City of Webster Groves and award such damages to which she is entitled, including but not limited to attorney fees and costs associated with this action, including expert witness fees, and be awarded any further relief deemed necessary and just.

## SUPPLEMENTAL STATE LAW CLAIMS

### COUNT VIII

ASSAULT AND BATTERY/EXCESSIVE FORCE BY DEFENDANT BERRY

For her cause of action against defendant Berry in Count VII, plaintiff Noce states:

99. By this reference, plaintiff Noce incorporates each and every allegation and averment set forth in paragraphs 1 through 98 of this complaint as though fully set forth herein.

100. Acting within the course and scope of his employment with the Webster Groves Police Department, defendant Berry, without provocation, and with intent to cause bodily harm to plaintiff, assaulted and battered plaintiff.

101.    As a direct and proximate result of defendant Berry's assault and battery, plaintiff sustained the aforedescribed injuries.

102.    In assaulting and battering plaintiff, defendant Berry had no privilege, qualified immunity, or official immunity because defendant Berry acted in bad faith and with malice with intent an actual intent to cause injury.

103.    The assault and battery, defendant Berry employed on or against plaintiff Noce was not reasonably necessary force to preserve the peace and maintain order, to overcome resistance to authority, or serve any other purpose within the context of plaintiff's arrest.  Thus, physically assaulting and battering plaintiff Noce was excessive force under the circumstances.

104.    The Public Duty Doctrine does not apply to bar recovery against defendant Berry as the duties breached were owed specifically to plaintiff Noce and not the general public as a whole.

**WHEREFORE,** plaintiff Mary Ann Noce requests that this Court enter judgment against defendant Berry and award such damages to which she is entitled, including but not limited to attorney fees and costs associated with this action, including expert witness fees, punitive damages, and be awarded any further relief deemed necessary and just.

## COUNT IX

FALSE IMPRISONMENT/FALSE ARREST
BY DEFENDANTS BERRY AND KEPPEL

For her cause of action against defendants Berry and Keppel in Count IX, plaintiff states:

105.     By this reference, plaintiff Noce incorporates each and every allegation and averment set forth in paragraphs 1 through 104 of this complaint as though fully set forth herein.

106.     The actions of defendants Berry and Keppel in arresting and detaining plaintiff Noce were willful, wanton and intentional, and done without justification and probable cause.

107.     The defendants' actions were neither an exercise of discretion, nor a determination of policy.

108.     The actions of the defendants constituted an unreasonable and unlawful restraint of plaintiff Noce's liberty and was against her will.

109.     The action of defendants constituted a false arrest of plaintiff Noce, as defendants did not have reasonable grounds to believe that plaintiff Noce committed, or was about to commit, a crime.

110.     As a direct and proximate cause of defendants' actions in unlawfully detaining plaintiff Noce, plaintiff Noce suffered emotional distress, mental anguish and humiliation.

-26-

111.   At all relevant times to this complaint, defendant Berry and Keppel were employed by the defendant City of Webster Groves and were acting within the scope of their employment as police officers for the City of Webster Groves at all times relevant to this complaint.

**WHEREFORE,** plaintiff Mary Ann Noce requests that this Court enter judgment against defendants Berry and Keppel and award such damages to which she is entitled, including but not limited to attorney fees and costs associated with this action, including expert witness fees, punitive damages, and be awarded any further relief deemed necessary and just.

## COUNT X

### MALICIOUS PROSECUTION
### BY DEFENDANTS BERRY AND KEPPEL

For her cause of action against defendants Berry and Keppel in Count X, plaintiff states:

112.   By this reference, plaintiff Noce incorporates each and every allegation and averment set forth in paragraphs 1 through 111 of this complaint as though fully set forth herein.

113.   As set out above in paragraph 41, defendant Keppel administered plaintiff Noce a field sobriety test and a chemical test of her breath.

114.   As set out above in paragraph 43, defendant Berry issued plaintiff Noce citations for leaving the scene of an accident and driving while intoxicated.

115.     As set out above in paragraph 49, the Missouri Department of Revenue found no probable cause existed to believe an alcohol related offense had been committed.

116.     As set out above in paragraph 50, the Municipal Court of the City of Webster Groves dismissed the citations issued by defendant Berry.

117.     Defendant Berry and Keppel, acting individually or together and in concert, caused the criminal charges of driving while intoxicated and leaving the scene of an accident to issue against plaintiff Noce and assisted in the prosecution of said charges.

118.  No probable cause existed for defendant Barry to issue a citation for either driving while intoxicated or leaving the scene of an accident.

119.  No probable cause finding was ever made as to either the citation for driving while intoxicated or leaving the scene of an accident either by way of a grand jury return or finding after a preliminary hearing.

120.     Defendant Berry and Keppel were motivated by malice in the pursuit of criminal charges against plaintiff Noce not by a belief that the charges had any factual or legal merit or that probable cause for their issuance existed, but for improper, and illegal purposes.

121.     As a direct and proximate cause of defendants' actions in pursing prosecution against plaintiff Noce, plaintiff Noce suffered emotional distress, mental anguish and humiliation.

122.   At all relevant times to this complaint, defendant Berry and Keppel were employed by the defendant City of Webster Groves and were acting within the scope of their employment as police officers for the City of Webster Groves at all times relevant to this complaint.

**WHEREFORE,** plaintiff Mary Ann Noce requests that this Court enter judgment against defendants Berry and Keppel and award such damages to which she is entitled, including but not limited to attorney fees and costs associated with this action, including expert witness fees, punitive damages, and be awarded any further relief deemed necessary and just.

### COUNT XI

### TRESPASS BY DEFENDANT BERRY

For her cause of action against defendants Berry and Keppel in Count X, plaintiff states:

123.   By this reference, plaintiff Noce incorporates each and every allegation and averment set forth in paragraphs 1 through 122 of this complaint as though fully set forth herein.

124.   On December 17, 2008, plaintiff Noce had a right to possession to her house at 1101 Drayton Avenue in Webster Groves.

125.   Defendant Berry, who was without a license or the permission or consent of plaintiff Noce, unlawfully entered plaintiff's Noce's house.

126.     Defendant Berry entered plaintiff Noce's house without a warrant nor did an exception to the warrant requirement exist.

127.     The action of Defendant Berry entering plaintiff Noce's house was willful, wanton and malicious and exhibited reckless indifference or conscious disregard to the safety, well-being and rights of others, justifying an award of punitive damages against defendant Berry.

**WHEREFORE,** plaintiff Mary Ann Noce requests that this Court enter judgment against defendant Berry and award such damages to which she is entitled, including but not limited to attorney fees and costs associated with this action, including expert witness fees, punitive damages, and be awarded any further relief deemed necessary and just.

## COUNT XII

NEGLIGENT TRAINING BY
DEFENDANT CITY OF WEBSTER GROVES POLICE

For her cause of action against defendant Webster Groves in Count XII, plaintiff Noce states:

128.     By this reference, plaintiff Noce incorporates each and every allegation and averment set forth in paragraphs 1 through 127 of this complaint as though fully set forth herein.

129.     Upon information and belief, defendant City of Webster Groves negligently trained defendants Berry and Keppel in that it failed to adequately train them as to when it would be proper to enter a home an effectuate a warrantless arrest, the use of force, and

how to handle situations involving persons needing medical care.

130.    As a direct and proximate result of the aforesaid negligence of the City of Webster Groves Police Department, plaintiff Noce was injured as more fully set out in this complaint.

**WHEREFORE,** plaintiff Mary Ann Noce requests that this Court enter judgment against defendant City of Webster Groves and award such damages to which she is entitled, including but not limited to attorney fees and costs associated with this action, her court costs herein and past and future medical bills, and that she be awarded any further relief deemed necessary and just.

## COUNT XIII

### NEGLIGENT HIRING BY
### DEFENDANT CITY OF WEBSTER GROVES POLICE

For her cause of action against defendant Webster Groves in Count XIII, plaintiff Noce states:

131.    By this reference, plaintiff Noce incorporates each and every allegation and averment set forth in paragraphs 1 through 130 of this complaint as though fully set forth herein.

132.    Upon information and belief, defendant City of Webster Groves negligently hired defendants Berry and Keppel in that it failed to assess the level of competency, training and experience of the aforesaid defendant police officers.

133.    As a direct and proximate result of the aforesaid negligence of the City of Webster Groves Police Department, plaintiff Noce was injured as more fully set out in this complaint.

**WHEREFORE,** plaintiff Mary Ann Noce requests that this Court enter judgment against defendant Webster Groves and award such damages to which she is entitled, including but not limited to attorney fees and costs associated with this action, her court costs herein and past and future medical bills, and that she be awarded any further relief deemed necessary and just.

Respectfully submitted,

LAW & SCHRIENER LLC

By: */s/ Kevin L. Schriener*
KEVIN L. SCHRIENER, 35490M0
Attorney for plaintiff Mary Ann Noce
141 North Meramec Avenue, Suite 314
Clayton, Missouri 63105
314 721-7095 – telephone
314-863-7096 – facsimile
klsedmo@schrienerlaw.com – e-mail