UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARY ANN NOCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:10-cv-2363 SNLJ |
| ) | |
| CITY OF WEBSTER GROVES, et al. ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Plaintiff filed a fourteen-count complaint against defendants, the City of Webster Groves, Chief of Police Dale Curtis, police officer Dale Berry, and police officer Deanna Keppel, alleging violations of her civil rights and other causes of action. The parties are engaged in discovery and have each filed Motions to Quash certain subpoenas. Defendants have also moved for sanctions.

**I.     Factual Background**

Plaintiff alleges that she was involved in a car accident on December 17, 2008 between 1:15 a.m. and 1:30 a.m. Plaintiff realized her car needed to be towed and called AAA, but she was advised that it would be more than an hour until AAA could arrive. Because plaintiff was not dressed for the cold, she called a friend to take her home. At her house, plaintiff woke her sleeping adult son, Anthony Noce, so that he could assist. The friend drove Anthony Noce to the disabled car, and he called AAA and then the Webster Groves police at 2:39 a.m. to report the accident. Defendant police officers Berry and Keppel responded to the call. Allegedly, they handcuffed Anthony Noce and drove him to his mother's house. Then, with Anthony Noce's house keys, defendant Berry allegedly entered the house, woke a sleeping and naked plaintiff in her bedroom, pushed and otherwise assaulted plaintiff, and arrested her and brought her to the

police station. Plaintiff alleges her arms were injured but that she was not permitted to obtain medical assistance. Plaintiff was charged with leaving the scene of an accident and driving while intoxicated, and her drivers license was suspended. She was released from custody at 4:45 a.m. and driven home by defendant Keppel. Plaintiff alleges she missed work due to her injuries and that she became fearful of encountering the Webster Groves police. The charges against her were dismissed, and the suspension of her license was rescinded. Plaintiff brought excessive use of force, false arrest, and numerous other claims against the defendants.

The parties have been engaged in discovery, which was set to close on July 29, 2013. The parties have filed motions regarding two matters:

    **A.**    **Subpoena for Documents Issued to Crestwood Police Department**

Plaintiff subpoenaed the Crestwood Police Department on June 11, 2013 and requested defendant Berry's personnel file. Defendant Berry had worked for the Crestwood Police Department before joining the Webster Groves Police Department. The Crestwood Police Department produced the requested documents on June 24, 3013. Plaintiff's counsel deposed defendant Police Chief Curtis on July 8, 2013, and counsel questioned Curtis about defendant Berry's background. Defendant Berry's personnel records from the Webster Groves Police Department had included information about "use of force incidents" that occurred when defendant Berry was employed by Crestwood. The Webster Groves personnel record did not specify that one incident had involved a taser. The Crestwood personnel records reflected that a taser had been used in one incident. The word "taser" was the only piece of information used from the Crestwood personnel file during defendant Curtis's deposition.

Defense counsel learned that plaintiff had subpoenaed the Crestwood Police Department at the Curtis deposition. Defense counsel told plaintiff's counsel that he believed the records had

been improperly obtained because defense counsel had not been notified of the subpoena in accordance with Federal Rule of Civil Procedure 45(b)(1).  Plaintiff's counsel explained that her office had inadvertently neglected to serve defense counsel with notice of the subpoena.  In order to address defense counsel's concerns, on July 9, 2013, plaintiff's counsel gave her only copy of the Crestwood personnel record to defense counsel.  Plaintiff's counsel believed that defense counsel would review and redact the record and then return it to plaintiff's counsel.

On July 23, 2013, plaintiff's counsel had not heard from defense counsel regarding defendant Berry's Crestwood personnel file.  Because the July 29 discovery deadline was looming, she served a second subpoena on the Crestwood Police Department requesting the personnel files of both defendant Berry and defendant Keppel (who had worked at Crestwood as a dispatcher before becoming a police officer with Webster Groves).  The subpoena was scanned and sent by e-mail to defense counsel on the same day.

On July 24, 2013, defense counsel filed a "Defendants' Motion to Quash and for Sanctions" (#40).  Defendants state that plaintiff's counsel abused the discovery process by not providing notice to them in accordance with Rule 45(b)(1).  Defendants contend that, had they known about the first subpoena, they would have moved to quash it to protect defendant Berry's interests.  Further, defendants state their counsel did not have the benefit of the Crestwood records before the deposition of Chief Curtis, so counsel was allegedly unable to prepare appropriately for the deposition. Defendants request sanctions and that the subpoena be quashed.  Plaintiff opposes the motion.  Defendants did not file a reply in support and the time for doing so has passed.

B.      **Subpoena for Deposition of Nonparty Minor Witness J.N.**

On July 25, 2013, defendants served a subpoena on plaintiff of behalf of her minor son, J.N., and required that J.N. appear at a deposition on July 29, 2013 and to bring all "documents pertaining to the car accident and arrest of [plaintiff] on December 17 and 18, 2008." Plaintiff states that defense counsel e-mailed plaintiff's counsel on July 23, 2013, and informed plaintiff's counsel that the defendants wanted to subpoena plaintiff's youngest son, 14-year-old J.N., for a deposition and requested that plaintiff accept service and agree to setting the deposition for some time after the July 29 discovery deadline. Plaintiff's counsel was traveling at that time and was unable to respond to the email.

Plaintiff moved to quash the subpoena on July 28 (#42) as subjecting J.N. to undue burden. Plaintiff argues that defendants' desire to depose J.N. is unreasonable and further that the July 29 date is inconvenient because J.N. was out of town on vacation with friends. Plaintiff states that defense counsel suggested in the July 23 e-mail that defendants' need to depose J.N. did not become apparent until Anthony Noce's deposition, which took place on July 22. In that deposition, Anthony Noce opined that he did not know where J.N. had been sleeping the night of the incident, but that sometimes J.N. slept in plaintiff's bed, and that if any of Anthony's siblings had awakened during the incident, he or she would likely have come out of his or her bedroom.

Plaintiff argues that defendants' excuse for the last-minute deposition request is not persuasive because there have been at least two other, earlier, depositions in which J.N. was mentioned as possibly having been asleep in plaintiff's bed at the time of the incident.

Moreover, plaintiff argues that J.N. slept through the incident, was nine years old at the time of the incident, and that he is now fourteen years old and was "not a witness to anything." Further, plaintiff says that requiring J.N. to attend the July 29 deposition would require him to cut

short his vacation with friends and incur costly expenses. Plaintiff suggests that defendants seek J.N.'s deposition for the purpose of harassing plaintiff.

**II.     Discussion**

The motions to quash the motions served on the two subpoena recipients — Crestwood Police Department and J.N. — are discussed in turn below.

**A.     Motion to Quash Subpoena Issued to Crestwood Police Department**

Two subpoenas were served on the Crestwood Police Department. It is unclear whether defendants seek to quash the June 11 subpoena or the July 23 subpoena, or both.[1] Defendant Berry seems to suggest that the subpoena for his personnel records should be quashed as a general matter because disclosure of his personnel records infringed upon his privacy. However, it is clear that defendant Berry could easily redact irrelevant, sensitive matters from the personnel records and allow the redacted records to be produced to plaintiff. Indeed, plaintiff's memorandum states that defendant Berry himself agreed to redact such information from his Webster Groves personnel records. Presumably, the same redaction process could be used for defendant Keppel's Crestwood personnel records.

Defendants request that this Court enter an order quashing the subpoenas and imposing numerous financial and other sanctions on plaintiff, including dismissing plaintiff's case or granting attorneys' fees incurred by defendants in the course of preparing and defending defendant Curtis's deposition, preparing the motion to quash, reviewing and redacting defendant Berry's Webster Groves personnel file. Defendants also request that the Court strike defendant

---

[1] Defendants request that the Court quash the "subpoena duces tecum that was improperly issued on the City of Crestwood Police Department." But defendants appear to argue that both the June 11 and July 23 subpoenas were improperly served.

5

Curtis's deposition testimony and prohibit plaintiff from subpoenaing the Crestwood Police Department again without Court approval.

     Defendants' primary concern appears to be that plaintiff's counsel inadvertently neglected to serve defendants with notice of the June 11 subpoena, and defendants seek to punish plaintiff for the oversight. Defendants also weakly suggest that they were not properly served with the July 23 subpoena because it is not clear whether they received notice of that subpoena before it was actually served on Crestwood. Even if defendants were served with notice after Crestwood was served with the July 23 subpoena (and, if that occurred, it is likely that the delay in service measured in minutes, not days), the Court cannot fathom how defendants were prejudiced by such a delay.) Plaintiff's counsel has explained the oversight and made arrangements to correct the problem by returning each and every document to the defendants. Defendants claim they were prejudiced because their counsel was unable to prepare adequately for defendant Chief Curtis's deposition, but plaintiff states — and defendants do not dispute — that the only matter that arose in the deposition that came from the Crestwood personnel records was that a taser was involved in one of the use of force incidents reflected in the Webster Groves personnel record. Defense counsel already had records that related to the use of force incidents — the only "new" information was that a taser had been involved in one. It is significant that defendants did not file a reply memorandum in support of their motion to quash, as defendants do not explain how they were prejudiced by such a minor revelation.

     Defendants do not explain why plaintiff is not entitled to the documents she seeks. Defendants' arguments regarding the service of plaintiffs' July 23 subpoena do not justify quashing the subpoena. Defendants' motion will be denied. The Crestwood Police Department shall provide defendant Keppel's personnel record to defense counsel within two days of the date

6

of this Order. Defense counsel shall, within 10 days from the date of this Order, provide redacted versions of Keppel and Berry's Crestwood personnel records in accordance with the parties' arrangement with respect to their Webster Groves personnel records.[2]

      **B.**      **Motion to Quash Subpoena for Deposition of Nonparty Minor Witness J.N.**

Plaintiff asks the Court to quash the subpoena for the July 29 deposition of plaintiff's 14-year-old son, J.N.

Although plaintiff contends that J.N. did not witness the incident at issue in this case because he was asleep, it appears he was present in the home (if not actually present in plaintiff's bedroom) at the time of the incident, and defendants are entitled to depose him. If it turns out J.N. did not witness the incident, then the deposition will be a short one. Clearly, the July 29 date has come and gone, but there is no reason the parties cannot now agree upon a mutually agreeable date and time to depose J.N.

---

[2]As noted above, defendants request their attorneys' fees that were incurred "in reviewing and redacting Deputy Berry's Webster Groves personnel file." (#40 at 4.) Defendants do not explain why such review and redaction should be the financial responsibility of plaintiff, nor do they explain why such a request is relevant to the matters brought up by their motion. According to the plaintiff's memorandum (#46 at 2), defense counsel suggested that course of action with respect to the Webster Groves records.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' Motion to Quash and for Sanctions (#40) is **DENIED**, and the documents requested in the subpoenas should be produced to plaintiff's counsel in accordance with the deadlines and directions contained in this memorandum.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Quash (#42) is **DENIED**, and the parties shall agree upon a mutually agreeable date and time to depose J.N.

Dated this  29th  day of August, 2013.

                                        STEPHEN N. LIMBAUGH, JR.
                                        UNITED STATES DISTRICT JUDGE